IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID L. WEIK,<br><br>                    Plaintiff,<br><br>vs.<br><br>JIM ASBY, ET AL, individually; AND<br>TERESA POSIO, individually; AND,<br>T&J WOOD PRODUCTS LLC; AND,<br>RYDEL PETERSON, individually;<br>AND, DOES I-X; JANE DOES I-X,;<br>JOHN DOES 1-X; CORPORATION I-<br>X; XYZ PARTNERSHIPS I-X,<br><br>                    Defendants. | CV 24-106-M-KLD<br><br><br>ORDER |

This is the second case that pro se Plaintiff David Weik has filed in this Court against Defendants Jim Asby, Teresa Posio, T&J Wood Products, and Rydel Peterson ("Defendants") based on the same set of underlying facts. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b) (Doc. 19), and a motion to quash the most recent notice of lis pendens Weik has filed against property formerly owned by Jim Asby[1] (Doc. 11). Because Weik's claims are

---

[1]     Defendants advise the Court that Asby passed away on September 13, 2024, and his daughter, Teresa Posio, has filed the motion to quash in her capacity as the

barred by the doctrine of re judicata and otherwise fail as a matter of law for the reasons discussed below, Defendants' motions to dismiss and to quash the lis pendens are granted and this case is dismissed.

## I.   **Background**[2]

For the most part, the facts alleged in the current Amended Complaint are substantively identical to those alleged in the Complaint Weik filed in his first lawsuit against the same Defendants. *See Weik v. Asby,* CV-23-145-M-DLC (Doc. 1); 2024 WL 3258144, at *1-2 (D. Mont. June 4, 2024), findings and recommendation adopted by 2024 WL 3253110 (July 1, 2024) (*Weik I*). As he did previously, Weik alleges that on October 18, 2023, he confronted his employer and landlord at the time, Asby, to ask for reimbursement of $1,200 that Weik had borrowed to cover a work-related injury he suffered while working for Asby's

---

trustee of her late father's estate. (Doc. 10 at 13).

[2] The following facts are taken from the Amended Complaint (Doc. 15) and are assumed to be true for the limited purpose of resolving the pending motion to dismiss. Weik filed his original Complaint on July 29, 2024 (Doc. 1), and Defendants filed a Rule 12(b) motion to dismiss on September 18, 2024 (Doc. 9). Weik filed an Amended Complaint approximately two weeks later (Doc. 15), and Defendants filed a Second Motion to Dismiss that incorporates the arguments presented in their first motion to dismiss (Doc. 19). This Order treats the Amended Complaint as the operative pleading, and addresses Defendants' Second Motion to Dismiss.

business, T&J Wood Products. (Doc. 15 at 6). Asby refused, and Weik told Asby he had learned from "Montana's Workman's Comp Division" that T&J Wood Products had been "dissolved by the State of Montana Corporation Commission" two years earlier. (Doc. 15 at 6-7). Weik also told Asby that he had reported Asby "to the Montana Tax Revenue Department, and also, to the Internal Revenue Service for his failure to provide accurate W2 Forms, and other questionable T&J Wood Products business practices that violated tax laws involving fraud." (Doc. 15 at 7). Asby immediately terminated Weik's employment and demanded that he move off the property, which had recently been listed for sale. (Doc. 15 at 7-8).

On October 30, 2023, Rydel Peterson contacted Weik, and identified himself as an attorney hired by Asby's real estate agent, Carla Hardy. (Doc. 15 at 9). Peterson advised Weik that he needed to vacate Asby's property. (Doc. 15 at 9). On November 1, 2023, Peterson advised Weik that he had until the close of business on November 6, 2023, to remove the last of his personal property, including three trailers and a recreational vehicle. (Doc. 15 at 12).

On November 15, 2023, Asby moved Weik's personal property off his land and filed "a false police report" against Weik. (Doc. 15 at 13-14). Weik was arrested and spent the next few days in jail. (Doc. 15 at 14). Following his release, Weik learned that someone had broken into his trailer, stolen some of his personal

3

property, and given the property to Peterson. (Doc. 15 at 14). An unidentified "federal employee" contacted Weik on November 22, 2023, and advised him that she had "witnessed the burning of [his] personal property." (Doc. 15 at 16).

In addition to the above facts—which were alleged in the fact section of the Complaint in *Weik I*—Weik's Amended Complaint includes a number of new factual allegations arising out of the same subject matter. For instance, Weik alleges it was Peterson who broke into his trailer and stole his property. (Doc. 1 at 16). Weik further alleges that he filed for social security retirement benefits in May 2024, at which point he learned that Asby and Teresa Posio had "failed to pay Plaintiff's social security wages on approximately $70,000 in earned wages, that went unreported to, both the IRS — Internal Revenue Service, and the Social Security Administration over the course of four years of Plaintiff's employment with T & J Wood Products, LLC." (Doc. 1 at 17). Weik also claims that when Asby "discovered the Plaintiff, himself [is] part Hispanic, the Plaintiff noticed an immediate differential treatment while he continued his employment with T & J Wood Products, believing it was racially motivated, subjecting him to treatment that was demeaning," such as denying him the ability to file a workers' compensation claim and demanding that he move off Asby's property. (Doc. 1 at 20).

4

Weik filed his first lawsuit against Defendants in November 2023, alleging seven claims for relief: (1) retaliation in violation of the whistleblower provisions of the Taxpayer First Act ("TFA"), 26 U.S.C. § 7623(d); (2) defamation; (3) harassment; (4) violations of his First Amendment rights, and his rights to equal protection and due process under Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (5) conspiracy pursuant to 42 U.S.C. § 1985; (6) damages under 42 U.S.C. § 1988; and (7) negligent infliction of emotional distress. *Weik v. Asby,* CV-23-145-M-DLC (Doc. 1 at 11-17). On July 1, 2024, the Court dismissed Weik's claims under §§ 1983, 1985, and 1988 with prejudice pursuant to Rule 12(b)(6), dismissed his claim under the TFA without prejudice for failure to meet the TFA's administrative exhaustion requirements, and declined to exercise supplemental jurisdiction over his state law claims. *Weik I,* 2024 WL 3253110. The Court also granted a motion to quash notices of lis pendens filed by Weik on two properties owned by Asby, one owned by Carla Hardy, and one owned by Peterson. *Weik I,* 2024 WL 3253110.

Weik did not appeal that decision, but instead filed the instant action against the same Defendants approximately one month later. (Doc. 1) As he did before, Weik alleges claims for retaliation in violation of the TFA (Count 1), damages under § 1988 (Count 5), conspiracy under § 1985 (Count 6), and state law claims

for defamation (Count 4) and negligent infliction of emotional distress (Count 7). Weik also alleges four new claims: discrimination in violation of the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and the Montana Residential Landlord Tenant Act, Mont. Code Ann. § 70-24-101 et seq. (Count 2); wrongful discharge under Montana's Wrongful Discharge from Employment Act ("WDEA"), Mont. Code Ann. § 39-2-901 et seq. (Count 3); filing false wage reports with the IRS in violation of unspecified provisions of the Social Security Act, 42 U.S.C. § 401 et seq. (Count 8); and violation of the FHA (Count 9).

Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 19). In addition, Posio moves to quash yet another notice of lis pendens filed by Weik on property formerly owned by Asby, and now held in trust. (Doc. 11). Defendants also advise the Court that in July 2015, the Montana Fourth Judicial District Court, Missoula County, entered an order declaring Weik a vexatious litigant and prohibiting him "from filing any lawsuits or claims in Montana without prior approval of a District Court Judge" and prohibiting him "from acting *pro se*." (Doc. 10-1 at 7-8).

Weik invokes the Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and alleges federal statutory claims. (Doc. 15 at 4). Weik also relies on 28 U.S.C. § 1343, which provides a basis for federal jurisdiction over claims pursuant to 42 U.S.C. § 1985, and asks the Court to exercise supplemental jurisdiction over his state law claims pursuant to 28 US.C. § 1367. (Doc. 15 at 4). Because Weik alleges violations of various federal statutes, the Court has federal question subject matter jurisdiction and proceeds directly to the Rule 12(b)(6) motions to dismiss for a failure to state a claim for relief.

## II.     **Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to

the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may, however, take judicial notice of matters of public record. *Lee*, 250 F.3d at 688. The court may also take judicial notice of other court proceedings. *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any

8

doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## III.   Discussion

### A.   Res Judicata (Counts 2, 5, 6, and 9)

Defendants argue that Weik's claims under the FHA and Montana Residential Landlord Tenant Act (Count 2), his claim for damages under 42 U.S.C. § 1988 (Count 5), his conspiracy claim pursuant to 42 U.S.C. § 1985 (Count 6), and his claim under the FHA (Count 9) are barred by the doctrine of res judicata. Defendants are correct.

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *United States v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Defendants rely on claim preclusion, which bars relitigation of claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.

9

2001). Whether the claims asserted in the subsequent action were actually pursued in the prior action is immaterial; "rather, the relevant inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 909 (9th Cir. 1998)).

Claim preclusion applies "when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (citation and internal quotation marks omitted). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owen*s, 244 F.3d at 714 (citation and internal quotation marks omitted). This inquiry "is the same inquiry as whether the claim could have been brought in the previous action." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). "[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957 (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

All three requirements for res judicata are satisfied here as to Counts 2, 5, 6, and 9 of the Amended Complaint. First, the parties in *Weik I* and the pending

10

action are identical. Second, in *Weik I*, the Court concluded that Weik failed to

state a claim for relief under § 1985 and § 1988, and dismissed those claims with

prejudice pursuant to Rule 12(b)(6). The Court also concluded that Weik failed to

state a claim for violations of his constitutional rights to free speech, equal

protection, and due process, and dismissed his § 1983 claims with prejudice

pursuant to Rule 12(b)(6). *Weik I,* 2024 WL 3253110. Weik did not appeal, which

means the district court's decision is a final judgment on the merits of those claims.

Third, with respect to identity of claims, the conspiracy and damages claims Weik

asserts under § 1985 and § 1988 are substantively identical to the conspiracy and

damages claims that were asserted and dismissed with prejudice in *Weik I*.

Although not pled in the prior action, Weik's claims for violations of the FHA and

Montana Residential Landlord Tenant act arise out of the same nucleus of

operative facts and could have been litigated at that time. The identity of claims

element of claim preclusion is thus satisfied.

Because all three requirements for claim preclusion are met, Counts 2, 5, 6,

and 9 of the Amended Complaint are barred by res judicata and will be dismissed

with prejudice. *See e.g., Kihagi v. City of S.F.,* 2019 WL 6251203, at *4 (N.D. Cal.

Nov. 22, 2019) (finding dismissal with prejudice proper where claims are barred

by res judicata); *Perry v. Fantasy Records*, 2014 WL 589469, at *3 (N.D. Cal. Feb. 14, 2014) (dismissing without leave to amend on res judicata grounds).

### B.    Social Security Act (Count 8)

Count 8 of the Amended Complaint alleges that Asby and Posio filed false wage reports with the IRS in violation of unspecified provisions of the Social Security Act, 42 U.S.C. § 401 et seq. (Doc. 1 at 27). Specifically, Weik claims he filed for social security retirement benefits in May 2024, at which point he learned that Asby and Posio had "failed to pay Plaintiff's social security wages on approximately $70,000 in earned wages, that went unreported to, both the IRS — Internal Revenue Service, and the Social Security Administration over the course of four years of Plaintiff's employment with T & J Wood Products, LLC." (Doc. 15 at 17).

Count 8 is based on conduct that allegedly took place while Weik was still working for Asby and Posio, and before Weik filed his first lawsuit in November 2023. Taking the factual allegations in the Amended Complaint as true, particularly Weik's allegation that he told Asby in October 2023 that he had "reported and provided information to the Internal Revenue Service, and the Montana Tax Revenue Department about his tax fraud activities (Doc. 15 at 24 ¶ 78), Weik had knowledge of Asby and Posio's alleged conduct in before he filed

the prior lawsuit in November 2023. Because Count 8 arises out of the same set of operative facts as the claims that were dismissed with prejudice in Weik's prior action, it is barred by principles of res judicata.

Even accepting Weik's apparent assertion that he did not become aware of the factual basis for Count 8 until after he applied for retirement benefits in May 2024 (Doc. 1 at ¶ 57), the claim nevertheless fails as a matter of law because the Social Security Act does not create a private right of action against an employer for failing to accurately report the wages of its employees. "The Social Security Act creates an express administrative remedy for employees who contend that earnings have not been credited properly to their record for social security purposes." *Salazar v. Brown*, 940 F.Supp. 160, 163 (W.D. Mich. 1996). "An employee seeking to establish that he has earned wages that should be credited to his account for social security purposes must proceed administratively before the Secretary of Health and Human Services to correct the employee's earnings record" before seeking judicial review in federal court, and "[t]he employer is neither a necessary nor a proper party in such proceedings, although the employer's records may be subpoenaed to provide evidence on the issue." *Salazar*, 940 F.Supp. at 163. Because the Social Security Act does not create a private right of action against an employer for failing to accurately report the wages of its employees, Count 8 of the

Amended Complaint fails to state a claim for relief and will be dismissed with prejudice.

### C.     Retaliation under the TFA (Count 1)

In Count 1 of the Amended Complaint, Weik alleges a claim for retaliation in violation of the whistleblower provisions of the TFA, 26 U.S.C. § 7623(d). (Doc. 15 at 21-22). Weik claims that he provided information about Asby's alleged "tax fraud activities" to the Internal Revenue Service and the Montana Department of Revenue, and that Asby retaliated against him for doing so by terminating his employment and "ousting [Weik] from his residence of three years." (Doc. 15 at 24).

Weik alleged the exact same TFA claim in his prior lawsuit, and the Court dismissed the claim without prejudice based on lack of exhaustion. *Weik*, 2024 WL 3253110. The TFA prohibits an employer from terminating an employee "in reprisal for any lawful act done by the employee to provide information . . . regarding underpayment of tax or any conduct which the employee reasonably believes constitutes a violation of the internal revenue laws or any provision of Federal law relating to tax fraud…." 26 U.S.C. § 7623(d)(1)(A). A plaintiff may seek relief under the TFA by filing a complaint with the Secretary of Labor or, "if the Secretary of Labor has not issued a final decision within 180 days of the filing

of the complaint and there is no showing that such delay is due to the bad faith of the claimant," by bringing an action for de novo review in the federal district court. 26 U.S.C. § 7623(d)(2)(A). Because Weik did not allege he had filed a complaint with the Secretary of Labor or that the Secretary of Labor did not issue a final decision within 180 days, the Court dismissed his TFA claim without prejudice for failure to meet the administrative exhaustion requirements of § 7623(d). *Weik*, 2024 WL 3253110.

Defendants again move to dismiss Weik's TFA claim based on failure to exhaust. (Doc. 14 at 5). Defendants provide evidence that Weik filed a complaint with the United States Department of Labor on January 8, 2024. (Doc. 10-1 at 79-87). The Department of Labor conducted an investigation and dismissed the complaint as meritless. (Doc. 10-1 at 79-87). Weik appealed, and it appears based on the evidence in the record that those administrative proceedings are still pending. (Doc. 10-1 at 79-87). Because Weik still has not met the administrative exhaustion requirements of § 2763(d), Count 1 of the Amended Complaint is dismissed without prejudice.

**D.    State Law Claims (Counts 3, 4, and 7)**

Weik's Amended Complaint also includes state law claims for wrongful discharge under the WDEA (Count 3), defamation (Count 4), and negligent

infliction of emotional distress (Count 7). In *Weik I*, the Court declined to exercise supplemental jurisdiction over Weik's state law claims pursuant to 26 U.S.C. § 1367(a) and dismissed those claims without prejudice. At the time of that decision, the Court was unaware of the state district court's July 2015 order declaring Weik a vexatious litigant, prohibiting him from filing any lawsuits or claims in Montana without prior approval of a District Court Judge, and prohibiting him from acting pro se. (Doc. 10-1 at 7-8).

Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), *cert. denied*, 498 U.S. 1001 (1990) (citation omitted). The Ninth Circuit has held that a litigant may not avoid a vexatious litigant order by filing suit in a different court. *See, In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000); *Demos v. Smith*, 848 Fed. Appx. 785 (May 27, 2021) (unpublished) (citing *Fillbach* for this proposition).

Here, it appears based on Weik's pattern of litigation in state court, and the successive and meritless lawsuits he has filed against Defendants in this Court, that Weik initiated this action and asserted his state law claims in an attempt to circumvent the state court's vexatious litigant order. Because Weik's state law claims are barred by the state court's vexatious litigant order, those claims will be

dismissed with prejudice. *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007) (finding no abuse of discretion in dismissing a later-filed duplicative complaint with prejudice), *overruled on other ground by Taylor v. Sturgell*, 553, U.S. 880, 904 (2008).

### F.    Motion to Quash Lis Pendens

On July 26, 2024, three days before he initiated this action, Weik filed a notice of lis pendens on property formerly owned by Asby for the purpose of satisfying "future claims in Judgement against the Defendants, specifically Jim Asby." (Doc. 1-3 at 1-2). Weik filed similar notices of lis pendens on Asby's property in conjunction with his prior action, which were quashed by this Court. *Weik I*, 2024 WL 3258144, at *7; 2024 WL 3253110, at *1.

Defendants move to quash the most recent notice of lis pendens. They have submitted evidence that as part of his estate planning, Asby created a trust in which he placed a number of assets, two of which are the properties Weik has filed a notice of lis pendens on. (Doc. 11-2 at ¶¶ 2-3). Defendants have also submitted evidence that as a result of the notice of lis pendens, Asby's trust has been unable to sell one of the properties because of the resulting cloud on the property's title. (Doc. 11-2 at ¶¶ 4-6). There is no basis to support the most recent notice of lis pendens. Because Weik's claims are barred by the doctrine of re judicata and

otherwise fail as a matter of law for the reasons discussed below, the motion to quash the lis pendens is granted.[3]

## IV.   **Conclusion**

For the reasons set forth above,

IT IS ORDERED that:

(1) Defendants' Second Motion to Dismiss (Doc. 19) is GRANTED. With the exception of the TFA claim asserted in Count 1, which is dismissed without prejudice, all Counts asserted in the Amended Complaint are dismissed with prejudice. With the limited exception of his TFA claim, Weik is cautioned that if he files any new complaints against Defendants arising out of the same transactional nucleus of facts, the Court may declare him a vexatious litigant such that the Clerk of Court will be directed to file any further lawsuits in a miscellaneous civil case until the Court determines whether the actions should be allowed to proceed. *See Ringgold-Lockhart County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (recognizing that federal courts can impose narrowly tailored restrictions to regulate the activities of abusive litigants).

---

[3] Weik has moved for leave to file a supplemental brief in opposition to Defendants' motion to quash the lis pendens, which is granted. (Doc. 18). The arguments Weik makes in his supplemental brief are inapposite and do not change the Court's conclusion.

IT IS FURTHER ORDERED that Defendants' Motion to Quash Lis

Pendens (Doc. 11) is GRANTED.

DATED this 30th day of October, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge